IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONALD PASS and CAROLYN SILVERMAN,
on behalf of themselves and minor child, M.P.,

    Plaintiffs,

vs.                                                        Case No. 14-cv-104 SCY/KK

STATE OF NEW MEXICO, EMILY KENNINGTON,
individually and in her official capacity, CITY OF BELEN,
and JOHN DOES 1-2, individually and in their official
capacity as City of Belen Police Officers,

    Defendants.

## MEMORANDUM OPINION AND ORDER

       THIS MATTER is before the Court on Defendant City of Belen's motion to dismiss the claims asserted against it in Plaintiffs' complaint. *Doc. 16*. In this motion, Defendant[1] argues that (1) Plaintiffs Donald Pass and Carolyn Silverman lack standing to assert due process claims on behalf of themselves and (2) Plaintiffs' claims fail as a matter of law under Fed. R. Civ. P. 12(b)(6). *See generally id.* Plaintiffs oppose the dismissal of their Fourth Amendment unlawful seizure claim, but have agreed to the dismissal of the other three claims that were originally asserted against Defendant, namely two due process claims and a state law negligent hiring, training, and supervision claim. *Doc. 31* at 1-2. Because the Court finds that Plaintiff's Fourth Amendment claim against the City of Belen is insufficient as a matter of law, the Court will dismiss all claims against the City of Belen.

---

[1] In this memorandum opinion and order, the Court will, at times, refer to the City of Belen as "Defendant," and will refer to the other Defendants by name if necessary.

**I.   Background[2]**

The present lawsuit arises out of a custody dispute concerning the care and placement of M.P., a minor child. Plaintiffs, Donald Pass and Carolyn Silverman, are M.P.'s paternal grandparents and permanent legal guardians. *Doc. 29* (second amended complaint) ¶ 19. They are asserting claims against Defendants, on behalf of themselves and M.P., based on Defendants' February 6, 2012 decision to remove M.P. from the physical custody of her father, Brian Pass. *See generally id.* At the time of this removal, an August 22, 2011 Sandoval County district court order entered by Judge John Davis governed the custody of M.P. *Id.* ¶ 22; *Doc. 17*, Ex. A.[3] According to this order, the child's father, Brian Pass, possessed primary physical custody of M.P. from Monday through Friday, while the child's mother, Mareta Seelua, possessed primary physical custody from Friday after school to Monday at the beginning of school. *Doc. 17*, Ex. A. The parents shared joint legal custody of M.P. *Id.*

In contravention of this order, on February 6, 2012, Emily Kennington, a Children, Youth, and Families Department investigator, directed two unidentified Belen Police Department officers to remove M.P. from her father's rightful custody, and place the child with her mother. *Doc. 29* ¶ 28. After being transferred to her mother's care, M.P. contracted mycoplasma pneumonia, which resulted in her hospitalization due to her mother's failure to seek timely medical care. *Id.* ¶ 33. Subsequently, Mareta Seelua failed to produce M.P. at an emergency custody hearing. *Id.* ¶ 35. Plaintiffs Donald Pass and Carolyn Silverman eventually located M.P. in a mobile home with strangers. *Id.* ¶ 36. Plaintiff learned that M.P. was "often left unattended,

---

[2] For the purposes of ruling on Defendants' Motion to Dismiss, the Court assumes the following allegations from Plaintiffs' Complaint to be true.
[3] Defendant has asked the Court to take judicial notice of certain state court records involving the custody of M.P. Plaintiffs do not contest the authenticity of these records. The Court will, therefore, take judicial notice of Exhibits A-C, as matters of public record, without converting Defendant's motion to dismiss into a motion for summary judgment. *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 n. 1 (10th Cir. 2004).

did not attend school," and was "emotionally and physically abused by the unknown strangers," while in her mother's custody. *Id.* ¶ 37. On August 9, 2012, Judge John Davis granted Donald Pass and Carolyn Silverman temporary legal and physical custody of M.P. *Doc. 17*, Ex. C.

## II.     Standard of Review

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The Supreme Court has articulated a two-step approach for district courts to use when considering a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A court should first identify the adequately pleaded factual allegations contained in the complaint and then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Stated differently, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. A motion to dismiss tests the legal sufficiency of the plaintiff's claims.

## III.    Municipal Liability Claims

"A plaintiff suing a municipality under Section 1983 for the acts of one of its employees must prove: (1) that a municipal employee committed a constitutional violation; and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Cavanaugh v. Woods Cross City*, 625 F.3d 661, 667 (10th Cir. 2010) (quoting *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998)). Under this standard, a claim against a municipality based "[s]imply [on] employing a tortfeasor is not enough to establish liability under § 1983." *Lankford v. City of Hobart*, 73 F.3d 283, 286 (10th Cir. 1996).

Here, Plaintiffs' complaint does not contain any allegations from which the Court could infer that a municipal policy or custom caused the alleged constitutional violations. While

Plaintiffs initially claimed that they were damaged by Defendant's negligent hiring and training of the two John Does officers,[4] Plaintiffs have never asserted that this alleged deficiency in training was the result of a well-settled policy or practice that could form the basis for municipal liability. *See id.* (municipal liability is limited to situations where a "deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question"); *Darr v. Town of Telluride*, 495 F.3d 1243, 1257 (10th Cir. 2007) (rejecting claim that municipality could be liable under § 1983 for negligent supervision of a citizen's advisory board). Thus, the Court must dismiss Plaintiffs' § 1983 claims as asserted against Defendant City of Belen.

### IV.   John Doe Claims

In the reply,[5] Defendant asks the Court to dismiss the Fourth Amendment claims asserted against the two John Doe police officers. At this stage in the litigation, these claims are mere placeholders for claims Plaintiffs intend to pursue if it becomes possible to identify the individuals in question. *Butchard v. County of Dona Ana*, 287 F.R.D. 666, 671 (D.N.M. 2012) ("The purpose of a Doe defendant is to serve as a place holder when the identity of that particular defendant is unknown."). Because these claims may never come to fruition, the Court presently declines to consider the merits of the claims. Plaintiffs have requested time to ascertain the identities of these officers; if Plaintiffs are able to do so and amend their complaint accordingly, the Court will address any arguments these named individuals may assert in favor of dismissal at the appropriate time.

---

[4] Plaintiffs have since withdrawn these allegations. *Doc. 31* at 2.

[5] At the time Defendant filed its Motion to Dismiss, Plaintiff had yet to assert claims against the John Doe officers. Plaintiff moved to amend his complaint to add these claims on November 17, 2014. *Doc. 21*. The Court granted this motion with the understanding that it would treat Defendant's Motion to Dismiss as a motion to dismiss the second amended complaint. *Doc. 28*. This resulted in Defendant, through no fault of its own, first asking the Court to dismiss the John Doe claims in the reply brief.

IT IS THEREFORE ORDERED THAT:

1. Defendant's Motion to Dismiss the claims asserted against the City of Belen (*doc. 16*) is GRANTED.

2. By separate order of final judgment, the Court will dismiss the claims asserted against Defendant City of Belen.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE